### THE ORLANDO V. WOOTEN.

(District Court, D. New Jersey. May 15, 1914.)

SHIPPING (§ 24*)—SALE OF VESSEL—REQUISITES AND VALIDITY.
  A bill of sale or other writing is not necessary to transfer title to a vessel; but when the parties to the sale contemplate an immediate transfer of title, which is followed by possession by the buyer, such transfer takes place without payment of the purchase price. ·
  [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 50, 81–83, 88, 89, 92; Dec. Dig. § 24.*]

In Admiralty. Suit by the Smith Shipping Company against the schooner Orlando V. Wooten and J. M. Eskridge, Daniel F. Gilmartin, and Raymond P. Trundy. On exception to libel. Overruled.

MacFarland, Taylor & Costello, of New York City, for libelant.
Carpenter & Park, of New York City, for respondents.

RELLSTAB, District Judge. The libel alleges, inter alia, that the libelant is the absolute owner of $35/64$ of the schooner Orlando V. Wooten, and that it had the possession and the employment thereof and was the managing owner of it until deprived of such possession by respondents on a pretended sale. It also sets forth that such interest was purchased from J. M. Eskridge, who, at the time of such sale, was in possession of the schooner and was its managing owner; that libelant formally took possession of the schooner on October 21, 1913; that on October 25th respondents ousted libelant's master from possession and took possession themselves; and that they refuse to redeliver

possession to libelant. It further sets forth that with the authority of the vendor libelant assumed the payment of certain bills for work then being done on the vessel, and with his consent "agreed to assume the charter party of said vessel"; that respondents were fully informed of libelant's rights in said schooner; and that libelant stands ready to pay the balance of the consideration upon receipt by it "of the ship's papers and proper bill of sale."

Libelant prays that, in addition to process against the schooner and the respondents, "the possession of said vessel, her tackle, apparel and furniture may be delivered to libelant as managing owner, and that the said respondents may be condemned to pay to the libelant its damages and costs in the premises and to deliver to libelant proper bills of sale for thirty-five sixty-fourths ($^{35}/_{64}$) of said schooner and that it may have such other and further relief in the premises as in law and justice it may be entitled to receive."

The exception interposed by the respondents is as follows:

"That it appears from the libel that the controversy arises over an alleged contract of sale of a part of said schooner and a prayer for specific performance of said alleged contract, and that the alleged .cause of action so set forth is not an admiralty and maritime cause of action and is not within the jurisdiction of this honorable court."

Respondents' contention that the libel discloses only an equitable title in the schooner is without merit. The libel distinctly asserts absolute ownership of the majority interest in the vessel, and that constitutes an allegation of a legal, and not merely an equitable title.

A bill of sale or other writing is not necessary to transfer title to a vessel. The Amelie, 73 U. S. (6 Wall.) 18, 18 L. Ed. 806; The Marion S. Harris, 85 Fed. 798, 29 C. C. A. 428. Where the minds of the parties contemplate an immediate transfer of title which is followed by possession, such transfer takes place without the payment of the purchase price. Williamson v. Berry, 49 U. S. (8 How.) 495, 12 L. Ed. 1170; Leonard v. Davis, 66 U. S. (1 Black.) 476, 17 L. Ed. 222. See, also, 35 Cyc. 322.

The truth of the libel's allegation as to ownership cannot be put in issue by an exception; and, as libelant prays to be put in possession of such schooner, a relief to which it will be entitled upon proof of the asserted ownership, it is immaterial whether or not in other respects it asks for relief not grantable in admiralty. The exception is overruled.